Colleen **SCHWENDEMAN**, et al., Plaintiffs,

v.

Rollin **IVES**, in his capacity as commissioner of the Maine Department of Human Services, Defendant/Third–Party Plaintiff,

v.

Louis W. **SULLIVAN**, M.D., in his capacity as Secretary of the United States Department of Health and Human Services, Third–Party Defendant.

Civ. No. 89–0108–B.

United States District Court, D. Maine.

March 12, 1990.

---

**18**

Frank D'Alessandro, Sarah E. LeClaire, Pine Tree Legal Assistance, Presque Isle, Me., for plaintiffs.

Christopher C. Leighton, Asst. Atty. Gen., Augusta, Me., for State.

Michael M. DuBose, Asst. U.S. Atty., Bangor, Me., for Government.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON A STIPULATED RECORD

GENE CARTER, Chief Judge.

This class action comes before the Court on the respective parties' motions for judgment on a stipulated record.

Plaintiffs are members of a class who have applied for or will apply for public assistance through the Aid to Families with Dependent Children (AFDC) program, and who are owed child support obligations from more than one absent parent.[1] As a condition of receiving AFDC benefits, each Plaintiff has assigned her right to child support payments to the Maine Department of Human Services (DHS). See 42 U.S.C. § 602(a)(26)(A). The DHS, however, must pay to Plaintiffs "the first $50 of any [child support] payments for a month received in that month, and the first $50 of payments for each prior month received in that month which were made by the absent parent in the month when due...." 42 U.S.C. § 657(b)(1). The Secretary of the United States Department of Human Services (the Secretary) has implemented a regulation under this statute that provides for only a single "pass-through" payment when there is more than one absent parent who owes and pays child support obligations in a single month. 45 C.F.R. 302.-51. Plaintiffs challenge the Secretary's regulation, contending that it conflicts with the plain language, purpose and legislative intent of the statute.[2]

The Court holds that neither the plain language nor the legislative history demonstrate that Congress possessed a clear intent on the precise question at issue. The Court holds that the Secretary's regulation is reasonable, consistent with the statute, and thus is a permissible construction of the statute. In these circumstances, the

---

1. In a recommended disposition of Plaintiffs' Motion for Class Certification, filed December 5, 1989, the United States Magistrate recommended this action be certified as a class action and that the class be described as follows:

    All households in the State of Maine who, since October 1984, have applied for or will apply for AFDC benefits on behalf of two or more children where (1) there is more than one absent parent for the household, and each absent parent has a separate child support obligation owed to the household; and (2) the State Defendant pays only one $50.00 Pass Through child support payment to the household, even though current child support is collected from more than one absent parent in a single month.

No objection having been filed to the Magistrate's recommended decision, the Court accepts the recommended decision.

2. Plaintiffs originally brought this action against the Maine DHS in state court. The action was removed by the DHS to federal court pursuant to 28 U.S.C. § 1441(b). The DHS subsequently filed a third-party complaint against the Secretary of the United States Department of Health and Human Services (the Secretary). The DHS sought a declaration that to the extent it was in violation of the federal statute, it was entitled to indemnification from the Secretary because it was merely conforming to his regulations and interpretation of the statute.

    Plaintiffs' claims derive solely from their assertion that the Secretary's regulation, followed by the DHS, contradicts 42 U.S.C. § 657(b)(1).

Court will not substitute its construction of the statute for that given by the Secretary, and thus will not set the regulation aside.

### Discussion

This case asks the Court to construe 42 U.S.C. § 657(b)(1). That statute provides:

The amounts collected as support by a State pursuant to a plan approved under this part [42 U.S.C. § 651 et seq.] ... shall ... be distributed as follows:

(1) *of such amounts as are collected periodically which represent monthly support payments, the first $50 of any payments for a month received in that month, and the first $50 of payments for each prior month received in that month which were made by the absent parent when due, shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month;*

The United States Department of Health and Human Services, which administers the AFDC program at the federal level, has implemented a regulation construing this provision. 45 C.F.R. 302.51. The regulation allows an AFDC recipient family a single $50 pass-through payment per month, even when there are more than one absent parent making child support payments in a single month. The state Defendant, in conformance with this regulation, has denied Plaintiffs separate $50 pass-through payments in months when they have received child support obligations from more than one absent parent. The sole issue for the Court to decide is whether the Secretary's regulation is valid. The principles governing judicial review of agency constructions of statutes are well-established; the Court gives a brief recitation of those principles before applying them to the case at hand.

The Supreme Court, in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), discussed the proper standard of review of an agency's interpretation of a statute which it administers.

The Supreme Court stated that courts must begin their analysis by determining whether Congress "has directly spoken to the precise question at issue" and whether the "intent of Congress is clear." *Id.* at 842–43 n. 9, 104 S.Ct. 2781 n. 9. If the court finds a clear Congressional intent, the regulation must be fully consistent with the statutory meaning. *Id.; National Labor Relations Board v. United Food and Commercial Workers*, 484 U.S. 112, 123, 108 S.Ct. 413, 420, 98 L.Ed.2d 429 (1987). If the court finds no clear Congressional intent on the specific question at issue, it must not propose its own construction; rather, the Court must defer to the agency's interpretation of the statute, provided that it is based on a permissible construction. *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2781. If Congress left an explicit gap in the statute for the agency to fill, regulations promulgated by the agency are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute. *Id.* at 843–44, 104 S.Ct. at 2781–83. If the delegation of authority is implicit rather than explicit, the court will review the regulation to ensure that it is reasonable. *Id.* The reviewing court need not conclude that the agency construction is the only permissible construction, or even the construction the court would have adopted had the question initially arisen in a judicial proceeding. *Id.* at n. 9.

Plaintiffs first contend that the Secretary's regulation contradicts the plain language of the statute, and that the Court must therefore invalidate the regulation. In Plaintiffs' view, the plain language of the statute requires the state to make a separate $50 pass-through payment to the AFDC family for each child support obligation collected from each absent parent in any given month. After a careful reading of the statute, the Court concludes that the statute does not say what Plaintiffs contend it says. The statute in question simply does not contemplate the situation in which support payments are made by more than one absent parent in a single month. The statute provides that the first $50 of *any* payments for a month shall be passed through to the recipient family, which

seems to refute Plaintiffs' construction. The same provision, however, also refers to payments made by "*the* absent parent," indicating that Congress did not contemplate multiple noncustodial payors. Because the statute on its face does not speak directly to the precise issue in question, the Court turns to the history of the provision, as well as the design and purpose of the statute as a whole, to ascertain if Congress clearly intended that multiple pass-through payments be made in the situation posited by Plaintiffs. If the Court finds a clear intent, it must then ascertain whether the regulation is fully consistent with that intent.

To fully appreciate the purpose of the provision at issue, it is necessary to briefly review the history of its enactment and its place in the statutory framework. The overall purpose of the AFDC program is to ensure that parents or guardians are financially able to provide for their children. 42 U.S.C. § 601. The statute requires a family to assign to the state, as a condition of eligibility, any right to receive child support payments for any member of the family included in the filing unit. 42 U.S.C. § 602(a)(26)(A). Congress amended the statute in 1984, as part of the Deficit Reduction Act of 1984, 98 Stat. 494, to require an applicant family to take into account income from all family members when applying for AFDC assistance. In a separate amendment, Congress adopted the pass-through provision.[3] The Supreme Court, in an opinion discussing the 1984 amendments to the AFDC program, indicated that the new eligibility guidelines would in many

cases reduce the amount of assistance received; one of the purposes of the pass-through provision was to ameliorate the impact of the new guidelines. *Bowen v. Gilliard*, 483 U.S. 587, 594, 107 S.Ct. 3008, 3013, 97 L.Ed.2d 485.[4] It is also clear that Congress intended the pass-through provision to provide an absent parent with an incentive to make the child support payment. *Wilcox v. Ives*, 864 F.2d 915, 920 (1st Cir.1988).

The Court does not find the legislative history or the statutory framework particularly helpful in determining the validity of the Secretary's regulation. The Court finds that Congress did not possess a clear intent to either pay or withhold a pass-through payment when there are multiple absent parents who make child support payments in the same month. The legislative history of the provision is sketchy; the Court is unable to glean a clear congressional intent on the precise question at issue, either from the legislative history or from the general statutory framework. The Court, therefore, will review the regulation to determine if it is based on a permissible construction of the statute. The Court will defer to the Secretary's regulation if it is a reasonable interpretation of the statute. *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2781. In reviewing the regulation, the Court must be wary of substituting its own construction of the statute for that of the agency charged with the statute's administration. *Id.*

The Court finds that the Secretary's regulation is reasonable, consistent with the

---

**3.** The provision at issue in this action, 42 U.S.C. § 657(b)(1), was amended, to its present form, by the Family Support Act of 1988, Pub.L. 100–485. The prior provision read:

the first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month;

The 1988 amendments clarify that a $50 pass-through payment would be available only when the absent parent makes a *timely* child support payment. There is no indication that Congress intended to change the original purpose of the provision. *See* Sen.Rep. No. 100–377, 1988 U.S. Code Cong. & Admin.News 2776, 2794.

**4.** The Court stated:

Because the 1984 amendments forced families to include in the filing unit children for whom support payments were being received, the practical effect was that many families' total income was reduced. *The burden of the change was mitigated somewhat by a separate amendment providing that the first $50 of child support collected by the state must be remitted to the family and not counted as income for the purpose of determining its benefit level.*

*Bowen v. Gilliard*, 483 U.S. at 594, 107 S.Ct. at 3013.

statute, and is a permissible construction of the statute. While Congress did not manifest a clear intent on the precise question at issue, it is clear that Congress intended to encourage child support payments by absent parents and to ameliorate the harsh effects of the new eligibility guidelines on a recipient family. *See infra.* The regulation is not inconsistent with these purposes; noncustodial parents are still given an incentive to pay, and the family does in fact receive $50 of disposable income to soften the effect of the 1984 income guidelines. Moreover, the amendments made to the AFDC statute as part of the Deficit Reduction Act of 1988 were intended to save money; the Secretary must determine how to "reconcile the demands of ... needy citizens with the finite resources available to meet those demands." *Bowen v. Gilliard,* 483 U.S. at 596–97, 107 S.Ct. at 3015. These types of policy choices are properly made by Congress and the agency entrusted with administering the AFDC statute, not by the courts. Finally, the regulation gives like treatment to all recipient families, providing one $50 pass-through to families who are entitled to child support payments. The statute itself does not provide for payments greater than $50 to families with numerous children who are entitled to large child support payments from a single noncustodial parent. In sum, the regulation is a permissible reading of the statute by the agency charged with the statute's administration, and thus it will not be set aside.

Accordingly, the Court ACCEPTS the Recommended Decision of the Magistrate, granting Plaintiffs' Motion for Class Certification. The Secretary's and Defendant's Motions for Judgment Upon a Stipulated Record are GRANTED. Plaintiffs' Motion for Judgment Upon a Stipulated Record is DENIED.

SO ORDERED.